BAILES, Judge.
The appellant, Sheriffs Pension and Relief Fund, appeals the judgment of the trial court which made peremptory the alternative writ of mandamus issued on the petition of plaintiff, Dominic J. Graphia.
The other defendant, State Police Retirement System, did not appeal the judgment of the trial court which ordered it to allow Dominic J. Graphia to repay to the State *1316 Police Retirement System the sum which he drew in 1951, plus appropriate interest compounded annually and to transfer this repayment together with all those contributions made to the State Police Retirement System by the employer of plaintiff, plus appropriate interest compounded annually on this latter sum. This judgment is definitive and executory. Consequently, the State Police Retirement System is not a party to this appeal. Even so, the State Police Retirement System represented by the Attorney General filed a brief and designated itself a “defendant-appellee.”
Plaintiff, formerly employed by the State Police, was a member of the State Police Retirement System from December, 1948, until March, 1951, a period of approximately 28 months. In May, 1951, he withdrew the funds he had contributed to this retirement system. In 1961, he entered the employ of the East Baton Rouge Parish Sheriffs Office and has since that date paid into that retirement system all sums which he was obligated to pay.
Contending that he had a statutory right to repay to the State Police Retirement System the funds, together with appropriate interest, which he had withdrawn in May, 1951, and to have these sums transferred to the Sheriffs Pension and Relief Funds, plaintiff sought and obtained an alternative writ of mandamus from the trial court granting him the relief he was seeking.
On finding the trial court erred in making peremptory the alternative writ of mandamus, we reverse.
The only portion of the judgment of the trial court which affects the appellant is the following portion of its judgment, viz:
“IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that the Sheriffs Pension and Relief Fund, through Henry Reid, President of its Board of Trustees, accept the above mentioned sum on behalf of the Sheriffs Pension and Relief Fund and credit to Dominic J. Graphia those years of service he had under the State Police Retirement system.”
It is clear the State Police Retirement System was ordered to allow plaintiff to repay the sum which he had withdrawn in 1951, plus appropriate interest compounded annually. Further, this repayment together with the State Police system’s employer contribution, plus appropriate interest compounded annually, was to be paid to the Sheriffs Pension and Relief Fund. Additionally, it is seen that the judgment ordered the Sheriffs Pension and Relief Fund to accept the said sums from the State Police Retirement System and to credit the plaintiff with those years of service under the State Police Retirement System.
Even though the State Police Retirement System did not appeal the erroneous and adverse judgment that portion of the judgment which orders the State Police Retirement System to transfer to the Sheriffs Pension and Relief Fund cannot be performed by the State Police Retirement System.
Act 548 of 1975 amended and reenacted R.S. 42:697. Paragraph C of that section provided:
“The System from which the member transfers shall transfer to the system to which he transfers all employee contributions, employer contributions, or other funds, which the employee or employer has contributed or which actuarially figuring stands to or for the credit of the transferring member.”
These provisions of paragraph C endured for only a short time. Act 416 of 1976 amended and reenacted R.S. 42:697 to its present context. Paragraph C now provides:
“Each of the retirement systems shall keep and retain complete, permanent records on each member, and also shall retain and maintain all contributions and liabilities for service performed by the member in that retirement system.”
Thus, it is clear there is no statutory authority for appellant, Sheriffs Pension and Relief Fund, to accept these funds from the State Police Retirement System and that portion of the judgment is not enforei-ble.
*1317 Accordingly, for the foregoing reasons, as it affects the appellant, the judgment of the trial court making peremptory the writ of mandamus is reversed and annulled. All costs of this appeal to be paid by plaintiff.
REVERSED.